UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMPLOYERS MUTUAL CASUALTY CO., <br><br> Plaintiff, <br><br> v. <br><br> SALTMARSH INDUSTRIES, INC., et al., <br><br> Defendants. | Civil Action No. 23-12049-MGM |

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE
(Dkt. Nos. 21 and 26)

September 25, 2024

MASTROIANNI, U.S.D.J.

On September 19, 2024, United States Magistrate Judge Katherine A. Robertson issued a

Report and Recommendation which recommended that this court grant Employers Mutual Casualty

Company's ("Plaintiff") motion for default judgment as to Saltmarsh Industries, Inc., Alex Saltmarsh,

Jesse Saltmarsh, and Nicholas Saltmarsh (collectively, the "Saltmarsh Defendants").[1] Specifically,

Judge Roberston accepted as true the well-pled factual allegations supporting Plaintiff's claims for

contractual indemnity (Count I) and common law indemnity (Count II). *See In re The Home Restaurants,*

---

[1] Ordinarily, under Fed. R. Civ. P. 72(b)(2), a party has fourteen days to object to a report and recommendation. However, the Saltmarsh Defendants are in default, and "a party in default cannot participate in a case unless default has been set aside." *United States v. Fuller*, 691 F. Supp. 3d 372, 379 (D.N.H. 2023); *see also EmPower Energy Sols. Inc. v. Solar Wolf Energy, Inc.*, No. CV 4:21-40044-TSH, 2022 WL 622216, at *3-4 (D. Mass. Jan. 3, 2022) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (noting a party in default "has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."))); Wright & Miller, 10A Fed. Prac. & Proc. § 2688.1 (4th ed.). Consequently, the Saltmarsh Defendants cannot object within the meaning of Fed. R. Civ. P. 72(b)(2), as by defaulting, they have lost their ability to contest this case without seeking removal of the default.

*Inc.,* 285 F.3d 111, 114 (1st Cir. 2002). Judge Robertson then concluded Plaintiff had adequately demonstrated, through documentary evidence and detailed affidavits, that these claims were for a sum certain. *See KPS & Assocs., Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 19-20 (1st Cir. 2003). An evidentiary hearing was therefore not necessary, as Plaintiff was entitled to the full relief sought.  In addition, Judge Roberston recommended Plaintiff be ordered to show cause why its claims against Anthony Brignoli should not be dismissed for failure to prosecute, as Plaintiff did not move for default judgment against him.

Based upon the thorough analysis presented in the Report and Recommendation, the court, after *de novo* review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 26.) Plaintiff's motion for default judgment as to Saltmarsh Industries, Inc., Alex Saltmarsh, Jesse Saltmarsh, and Nicholas Saltmarsh (Dkt. No. 21) is, therefore, GRANTED. The clerk's office shall adopt the proposed judgment at Docket No. 22. In addition, Plaintiff is ordered to show cause in writing by **October 9, 2024**, why its claims against Anthony Brignoli should not be dismissed for failure to prosecute.


It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge