UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMPLOYERS MUTUAL CASUALTY CO.,

    Plaintiff,

    v.

SALTMARSH INDUSTRIES, INC., et al.,

    Defendants.

Civil Action No. 23-12049-MGM

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(Dkt. No. 38)

September 26, 2025

MASTROIANNI, U.S.D.J.

On September 25, 2025, United States Magistrate Judge Katherine A. Robertson issued a Report and Recommendation which recommended that this court grant Employers Mutual Casualty Company's ("Plaintiff") motion for default judgment as to Anthony Brignoli.[1] Specifically, Judge Roberston accepted as true the well-pled factual allegations supporting Plaintiff's claims for contractual indemnity (Count I) and common law indemnity (Count II). *See In re The Home Restaurants, Inc.,* 285 F.3d 111, 114 (1st Cir. 2002). Judge Robertson then concluded Plaintiff had adequately demonstrated, through documentary evidence and detailed affidavits, that these claims were for a sum

---

[1] Ordinarily, under Fed. R. Civ. P. 72(b)(2), a party has fourteen days to object to a report and recommendation. However, Anthony Brignoli is in default, and "a party in default cannot participate in a case unless default has been set aside." *United States v. Fuller*, 691 F. Supp. 3d 372, 379 (D.N.H. 2023); *see also EmPower Energy Sols. Inc. v. Solar Wolf Energy, Inc.*, No. CV 4:21-40044-TSH, 2022 WL 622216, at *3-4 (D. Mass. Jan. 3, 2022) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (noting a party in default "has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."))); Wright & Miller, 10A Fed. Prac. & Proc. § 2688.1 (4th ed.). Consequently, Anthony Brignoli cannot object within the meaning of Fed. R. Civ. P. 72(b)(2), as by defaulting, he has lost his ability to contest this case without seeking removal of the default.

1

certain. *See KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003). An evidentiary hearing was therefore not necessary, as Plaintiff was entitled to the full relief sought.

Based upon the thorough analysis presented in the Report and Recommendation, the court, after *de novo* review, hereby ADOPTS the Report and Recommendation (Dkt. No. 38). Plaintiff's motion for default judgment as to Anthony Brignoli (Dkt. No. 34) is, therefore, GRANTED. The clerk's office shall adopt the proposed judgment at Docket No. 34-1.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge